Hill v. Parker.

JOHN M. L. HILL

v.

GEORGE N. PARKER ET AL.

1. CONTRACTS—CONSTRUCTION.—In construing a contract, it is the duty of the court to seek for the intention of the parties, and to do this, it is proper to look at other writings made at the same time of the one in question, between the same parties, in relation to the matter in dispute.

2. STATEMENT—CONSTRUCTION OF CONTRACT IN QUESTION.—Appellees gave their note for $200, containing a condition that if a certain railroad—naming it—was built within six months, then the note was to be "null and void," but if not built within the time named, then the note was to be paid. There was a contemporaneous agreement with the receiver of the railroad that if the road was completed within the time limited, appellant was to release to the company the right-of-way across his land, etc. *Held*, that the payment of the note did not depend upon the release of the right-of-way, but upon the construction of the road within the specified time.

APPEAL from the Circuit Court of Crawford county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed April 14, 1882.

Messrs. ROBB & BRADBERRY for appellant; that all verbal admissions and propositions made at the time of the execution of a written contract become merged in the writing, and are not admissible in evidence, cited Weaver v. Fries, 85 Ill. 356.

In order to discharge a party from performance of an act on the ground of its impossibility, it must be impossible in its very nature: Story on Contracts, § 586; Harmony v. Brigham, 2 Kernan, 99; School Dist. v. Duchy, 25 Conn. 530; Trustees v. Bement, 3 Dutch. 513; Swartz v. Saunders, 46 Ill. 202.

Messrs. CALLAHAN & JONES, and Messrs. PARKER & OLWIN, for appellees; that parol evidence to show the consideration of a written agreement is admissible, cited Purviance v. Holt, 3 Gilm. 394; Roberts v. Richards, 36 Ill. 339; Ludeke v. Sutherland, 87 Ill. 481.

Betting on an unknown or contingent event is prohibited by statute: Rev. Stat. Chap. 38, § 131; Mer. S. L. & T. Co. v. Goodrich, 75 Ill. 554.

The release of the right-of-way and payment of the money were each conditions precedent to the other: Parsons on Contracts, 676.

Appellant should have put himself in a position to demand payment, by tendering a release of the right-of-way: 1 Hilliard on Vendors, 35; Baird v. Evans, 20 Ill. 32.

There was no error in considering the contemporaneous agreements with the contract in question: 2 Greenleaf's Ev. 268; 2 Parsons on Contracts, 553; Stacy v. Randall, 17 Ill. 468; Smith v. Riddell, 87 Ill. 165; Canterbury v. Miller, 76 Ill. 356.

CASEY, P. J. Appellant brought suit in the Crawford Circuit Court upon the following instrument:

"PALESTINE, ILLINOIS, Feb. 9th, A. D. 1880.

"Six months after date we promise to pay John M. L. Hill the sum of two hundred dollars, for value received, upon the

following express conditions, namely: that if a narrow-gauge railroad is built from Robinson, Illinois, to Sullivan, Indiana, then, and in that case, this note to be null and void; provided that the removing of the fence from the north side of the Springfield, Effingham and Southeastern Railroad, as now located, to the south side thereof shall be paid; and if paid, said amount to be deducted out of said two hundred dollars, if said road is not built as aforesaid; said road to be built in six months from this date." (Here follow the names of defendants.)

On which said note is the following indorsement: "May 24, 1880, paid on the within note twenty-six dollars for removing fence."

Upon the trial in the court below, the judgment was for appellees, and the case is brought here by appeal. Upon the trial of the cause, appellees introduced in evidence an agreement made between appellant and John C. Black, as receiver of the Cincinnati, Effingham and Quincy Construction Company, made at the same time as the instrument sued on. The agreement is as follows:

"This article of agreement, made and entered into by and between John M. L. Hill, of the first part, and John C. Black, receiver of the Cincinnati, Effingham and Quincy Construction Company, of the second part: Whereas the said John M. L. Hill is the owner of the following described real estate, situated in Crawford county, Illinois, to wit: the southwest quarter of section number thirty-two, and the west half of the southeast quarter of section number thirty-two, township number seven north, of range eleven west; and whereas the Springfield, Effingham and Southeastern Railroad Company, is an organization under the laws of the State of Illinois, with lawful authority to construct a railroad from Effingham, Illinois, to the Wabash river, Crawford county and State of Illinois. Now, therefore, the parties to this agreement, in consideration of the foregoing agreement, agree as follows:

"The said John C. Black, receiver as aforesaid, agrees to pay Jeremiah Apple what it may be reasonably worth, the amount to be fixed by the said John M. L. Hill, to remove the fencing of the said Hill from the north side of the railroad, as now lo-

cated on the line of the Springfield, Effingham and Southeast-
ern railroad, to the south side thereof, and put the same up in
good condition. The said Hill agrees to furnish the necessary
rails and plank to build said fence, and the said Black agrees to
put in a sufficient number of culverts, to properly drain the said
real estate and also put in proper crossings from the public road,
on the north side of said line for a railway as now located, to
the barn lot of said Hill, on the south side of the line of said
railroad. And it is hereby further agreed that if the said railroad
is built and a train of cars running over the same from Rob-
inson, Illinois, to Sullivan, Indiana, within the next six months,
then and in that case the said John M. L. Hill shall release to
the said Springfield, Effingham, and Southeastern Railroad
Company the right-of-way forty feet wide across said real estate,
for the purpose of constructing and operating a railroad there-
on. And if the said train of cars are not run as aforesaid,
then and in that case the said John C. Black, as receiver, shall
pay the said John M. L. Hill the difference between what it
may cost to remove said fence and two hundred dollars. In
witness whereof we have hereunto set our hands the 9th day,
of February A. D. 1880.

> "JOHN M. L. HILL,
> "JOHN C. BLACK.
> "Receiver of the Cincinnati, Effingham and Quincy Con-
struction Company,
> "Per GEORGE N. PARKER,
> His Attorney."

Objection was made to the introduction of this instrument
by appellant, and the objection was overruled by the court.
We see no error in the ruling of the court in that respect. The
only difficulty there is in this case is, to arrive at what was the
intention of the parties at the time the instrument sued on
was made. The object of the court is to construe the contract
already made, and on arriving at the proper construction of
the instrument sued on, we may properly consider both agree-
ments. Appellant was the owner of land across which it was
proposed to construct the Springfield, Effingham and Southeast-
ern Railroad. The substance of the contract was, that if the

Hill v. Parker.

road was constructed in six months then, and in that event, the note was to be "null and void." If the road was not completed in six months from Robinson, Illinois, to Sullivan, Indiana, then the note was to be paid. The promise was that appellant should be paid for removing the fence, and the cost thereof should be deducted from the $200, if the road was not constructed within the six months.

The testimony shows that the road was not constructed within the six months. The payment of the note did not depend upon the conveyance of the right-of-way, but upon the construction of the road within the specified time. The substance of the agreement with the receiver is, that in case the road is constructed within six months, then appellant will release to the company the right-of-way across his land, and in case the road is not completed in that time, the receiver shall pay appellant "the difference between what it may cost to remove the fence, and two hundred dollars." The spirit and meaning of the two instruments when considered together is, that because of the advantages accruing to the railroad company, and the inconveniences arising to appellant from the construction of the road, appellees agree to pay to appellant the sum mentioned in the note in case the road is not constructed within six months. As we have seen, the road was not completed or constructed according to the agreement in that time. The testimony does not show any justifiable or reasonable excuse for a failure upon the part of appellees to comply with their agreement. Therefore we hold that the verdict of the jury was contrary to the evidence, and the motion for a new trial should have been allowed. Any rulings of the court contrary to the views herein expressed, may be corrected upon a further trial of this cause. The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.